UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| YOHONIA MONIQUE MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>IESHIA RENNER,<br><br>　　　　Defendant. | Case No. 16-cv-06748-LB<br><br>**ORDER DISMISSING COMPLAINT** |

The court previously granted the plaintiff Yolanda Martin's motion to proceed *in forma pauperis* and dismissed her complaint with leave to amend because she did not describe what she claims or the basis for the court's jurisdiction.[1] Ms. Martin thereafter emailed information to the court's email box, which the court filed as part of the record.[2] She also filed a letter explaining more about her dispute.[3] The court dismisses the complaint for lack of subject-matter jurisdiction.

Jurisdiction is a threshold inquiry. A complaint must contain a short and plain statement of the ground for the court's jurisdiction. Fed. R. Civ. P. 8(a)(1). The plaintiff has the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[1] Orders − ECF Nos. 4 & 7. Citations are to material in the Electronic Case File ("ECF"); pinpoint citations refer to the ECF-generated page numbers at the top of documents.

[2] ECF No. 8.

[3] Letter − ECF No. 9.

ORDER — No. 16-cv-06748-LB

(1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Ms. Martin brings no federal claims that convey jurisdiction. She identifies Ms. Renner as the person who was the "root" to Ms. Martin's earlier federal case against Wells Fargo Bank. (ECF No. 9 at 2.) That case was filed in 2012 and involved Ms. Martin's claim that Ms. Renner withdrew money from Ms. Martin's bank account without permission when Ms. Martin was incarcerated.[4] Ms. Martin opened the account in 1999, the account had $78,000 in it, and Ms. Renner allegedly took $58,000.[5] Ms. Martin also claimed that Wells Fargo closed the account and mailed the remaining $20,000 to Ms. Martin's address, and Ms. Martin's mother thereafter converted the $20,000.[6] She charged Wells Fargo with negligence and related torts.[7] (The case settled.[8]) In this case she alleges conversion by Ms. Renner. This is a state-law claim.

The court also lacks diversity jurisdiction, likely because the amount in controversy does not exceed $75,000 and certainly because Ms. Renner and Ms. Martin both reside in California. *See* 28 U.S.C. § 1332(a). The amount in controversy apparently is Ms. Renner's alleged conversion of $58,000. (Ms. Martin alleges $1 billion in damages, but she does not support that claim.[9]) But she also specifies that Ms. Renner was her friend and neighbor in California. The plaintiff and the defendant thus are not citizens of different states, which defeats diversity jurisdiction.

The court thus dismisses the case because it lacks jurisdiction and directs the Clerk of the Court to close the file. The dismissal is without prejudice to Ms. Martin's filing her case in state court (assuming that it is not barred by the statute of limitations).

**IT IS SO ORDERED.**

Dated: January 17, 2017

LAUREL BEELER
United States Magistrate Judge

---

[4] Complaint, Case No. 16-cv-00244-MEJ – ECF No. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Minute Order, Case No. 16-cv-00244-MEJ – ECF No. 43.

[9] Civil Cover Sheet – ECF NO. 1-1.